UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| GANESH MALDONADO ROSENBERG, <br><br> Plaintiff, <br><br> v. <br><br> RTC INDUSTRIES, INC. and MARK JERRAM, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:19-CV-00414-MSM-LDA |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is a Report and Recommendation ("R&R") filed by Magistrate Judge Lincoln D. Almond, denying the defendants, RTC Industries, Inc. and Mark Jerram's, Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue. (ECF No. 18.) The defendants timely objected. (ECF No. 19.) For the following reasons, the R&R is ACCEPTED and ADOPTED in full over the defendants' objection.

### I. BACKGROUND

The plaintiff, Ganesh Maldonado Rosenberg, a Rhode Island resident, formerly was employed by RTC Industries, Inc. ("RTC"), an Illinois-based company that hired her to conduct RTC's business in Rhode Island and the surrounding area. Mark Jerram held the position of "Senior Vice President, Create" and led the sales division of which the plaintiff was a part.

1

The plaintiff alleges that in 2018, while she was at onboarding and training at RTC's offices in Illinois, Mr. Jerram subjected her to verbal and physical sexual harassment. In 2019, after the plaintiff returned from maternity leave and leave to care for her ailing father, Mr. Jerram terminated the plaintiff's employment.

The plaintiff filed suit in this Court alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*; Title VII as amended by the Pregnancy Discrimination Act; the Americans with Disabilities Act, 42 U.S.C. § 12101; the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 *et seq*; and civil battery by Mr. Jerram. (ECF No. 13.)

## II.   STANDARD OF REVIEW

A district court conducts a *de novo* review of a magistrate judge's determinations of dispositive pretrial motions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

The First Circuit has developed a three-prong test for analyzing the due process considerations for the existence of specific personal jurisdiction. First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state,

thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and third, the exercise of jurisdiction must, in light of the "Gestalt factors," be reasonable. *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). In ruling on the defendants' Motion to Dismiss, Magistrate Judge Almond determined that the plaintiff had met the elements of the three-prong test. (ECF No. 18 at 6-12.) The defendants, however, argue that their in-state conduct does not form a material element of proof in plaintiff's claim as, in their view, the alleged employment discrimination occurred in Illinois.

The Court agrees with Magistrate Judge Almond's assessment that this matter is an employment discrimination claim brought by a Rhode Island resident, working in Rhode Island, for an employer with a Rhode Island business presence, who specifically hired the plaintiff to conduct business for them in this state. The defendant's termination of the plaintiff's Rhode Island-based employment was allegedly the result of gender and pregnancy discrimination and retaliation. For these reasons, the Court agrees with Magistrate Judge Almond that the defendants' contacts with the forum state gave rise to the plaintiff's claims and that the defendants purposefully availed themselves to this forum. *See Hugell v. McNell*, 886 F.2d 1, 4 (1st Cir. 1989) (holding that personal jurisdiction is proper when an intentional or harmful action from an out-of-state defendant is directed at the forum state, and the defendant knows that the plaintiff will be harmed by the action in the forum state); *see also Brian Jackson & Co. v. Eximias Pharm. Corp.*, 248 F. Supp. 2d

31, 35-37 (D.R.I. 2003). Further, Magistrate Judge Almond correctly determined that this Court's exercise of jurisdiction over the defendants is reasonable. In particular, the defendants have demonstrated no special or unusual burden to appearing in this forum that would outweigh the presumptive validity this Court must give to the plaintiff's choice of forum. *See BlueTarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 83 (1st Cir. 2013).

The defendants also argue that Magistrate Judge Almond did not consider personal jurisdiction over Mark Jerram as separate and distinct from his employer, RTC. Because the specific claims against Mr. Jerram involve his alleged sexual harassment that occurred in Illinois, the defendants argue that he cannot be subject to this Court's jurisdiction. The Court finds this argument to be unpersuasive and agrees with Magistrate Judge Almond that the allegations against Mr. Jerram "are not so limited." (ECF No. 18 at 7.) Mr. Jerram was a Senior Vice President of the sales division within which the plaintiff worked, and he was the person who terminated her. This termination, the plaintiff alleges, was the end result of pregnancy and associational disability discrimination and retaliation motivated in part by her rejection of Mr. Jerram's sexual advances. The Court therefore agrees that an exercise of jurisdiction over Mr. Jerram is proper.

The Court also agrees with the portion of the R&R denying the defendants' transfer of venue request. While the defendants claim that many witnesses are located in Illinois, the plaintiff proffers that many live in Rhode Island. Those Rhode Island-based witnesses include the plaintiff's five medical providers. Further, the

plaintiff lives in Rhode Island and Mr. Jerram no longer lives in Illinois—he currently lives in the United Kingdom. Magistrate Judge Almond therefore appropriately determined that transferring this case to Illinois only would shift the litigation burden from the defendants to the plaintiff. Such a burden flip from one party to the other does not justify a transfer out of the plaintiff's preferred venue. *See Eximias*, 248 F. Supp. 2d at 38.

## IV. CONCLUSION

For the foregoing reasons, the R&R (ECF No. 18) is ACCEPTED and ADOPTED in full. As such, the defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (ECF. No. 6) is DENIED.

IT IS SO ORDERED.

*/s/ Mary S. McElroy*
Mary S. McElroy
United States District Judge
May 12, 2020